RANDY J. TANNER
Assistant U.S. Attorney
U.S. Attorney's Office
101 E. Front St., Suite 401
Missoula, MT 59802
P.O. Box 8329
Missoula, MT 59807
Phone:   (406) 542-8851
Email:   randy.tanner@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> SAVAGE ARMS INC. 64, .22 CALIBER RIFLE, SERIAL NO. 4268271; and <br><br> HS PRODUKT (IM METAL), XDM ELITE, 9MM CALIBER PISTOL, SERIAL NO. BA733256, <br><br> Defendants. | CV 25-42-BLG-TJC <br><br> **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |

The United States of America alleges as follows:

## I.   NATURE OF THIS ACTION

1. This is a civil *in rem* action for the forfeiture of a rifle and pistol that were seized from Keatton Diedrick Pierce on or about May 22, 2024 and May 23, 2024 in Billings, Montana, and more particularly described as follows (the "Defendant Property"):

   a. Savage Arms Inc. 64, .22 caliber rifle, Serial No. 4268271 (the "Defendant Rifle"); and

   b. HS Produkt (IM Metal), XDM Elite, 9mm caliber pistol, Serial No. BA733256 (the "Defendant Pistol").

## II.   LEGAL BASIS FOR FORFEITURE

2. The Defendant Property was involved in a knowing violation of 18 U.S.C. § 922(a)(6), which prohibits any person in connection with the acquisition, or attempted acquisition, of any firearm from a licensed dealer, from knowingly making any false or fictitious statement or misrepresented identification that is intended or likely to deceive such dealer regarding any fact material to the lawfulness of the sale or other disposition of such firearm.

3. The Defendant Property was involved in a violation of 18 U.S.C. § 922(b)(1), which prohibits a licensed dealer from selling any firearm to any individual who the licensee knows or has reasonable cause to believe is less than eighteen years of age, and, if the firearm is other than a shotgun or rifle, to any

2

individual who the licensee knows or has reasonable cause to believe is less than twenty-one years of age.

4. For such alleged violations, the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1).

### III.   JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* to forfeit the Defendant Property pursuant to 18 U.S.C. § 924(d)(1) for alleged violations of 18 U.S.C. §§ 922(a)(6) and 922(b)(1). This Court has subject matter jurisdiction under 28 U.S.C. § 1345 (United States is Plaintiff) and 28 U.S.C. § 1355 (action for forfeiture).

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355 and 1395 because the acts or omissions giving rise to the forfeiture occurred in and around Billings, Montana, in Yellowstone County, and the Defendant Property is in law enforcement custody in this District by the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF").

7. As provided in Supplemental Rule G(3)(b)(i) of the Federal Rules of Civil Procedure, the Clerk of Court is required to issue a warrant to arrest the Defendant Property if it is in the government's possession, custody, or control. As such, the Court will have *in rem* jurisdiction over the Defendant Property when the accompanying Warrant of Arrest *in Rem* is issued, executed, and returned to the Court.

## IV.   FACTS

8. On May 21, 2024, an individual named A.M. reported a suspected straw purchase of firearms to the Billings ATF Field Office. ATF Special Agent Matthew Schieno ("SA Schieno") interviewed A.M., who stated her granddaughter, A.R., had broken up with her boyfriend, Keatton Pierce. A.M. stated her family was concerned for A.R.'s safety due to Keatton Pierce's temperament and a previous physical altercation between A.R. and Keatton Pierce. A.M. was also concerned that Keatton Pierce had acquired firearms from a family friend, M.M., who had previously purchased a pistol and a rifle for Keatton Pierce because he was underage and could not purchase firearms at the time. A.M. denied the firearms were a gift to Keatton Pierce and that, instead, Pierce gave money to M.M. to purchase the firearms on his behalf. A.M. did not know where the firearms were purchased.

9. SA Schieno confirmed on May 21, 2024, that neither M.M. nor Keatton Peirce were prohibited from possessing firearms.

10. On May 22, 2024, SA Schieno and SA Philip Swain went to a residence in Billings, Montana, to speak to M.M., who was not home at the time. However, A.R. was present and explained that she and Keatton Pierce had dated on and off, and that Pierce had previously choked her during an altercation that was not reported. A.R. stated that Pierce carried a tan-colored pistol and had rifles

locked in a toolbox at the family's marijuana dispensary. She provided that Keatton Pierce smoked marijuana but was trying to quit so he could join the military.

11. M.M. then arrived at the residence and agreed to answer investigators' questions about Keatton Pierce's firearms. M.M. stated that Pierce would show her pictures of the firearms he wanted and provide the money to M.M. so that she could purchase them for him. Some of Pierce's firearms were locked in a toolbox and M.M. showed four of them to SA Schieno and SA Swain, including the above-captioned Defendant Rifle – namely, the Savage Arms Inc., model 64, .22 caliber rifle with Serial No. 4268271. M.M. stated that Pierce still owed her money for one of the firearms but she could not recall with certainty which firearms she had purchased for Pierce. M.M. agreed to sign ATF Form 3400.1, in which she abandoned her interest in the firearms. SA Schieno then took possession of the four firearms, including the Defendant Rifle.

12. SA Schieno and SA Swain then departed the residence for Keatton Pierce's workplace at a kitchen in Billings, Montana. Pierce agreed to speak to investigators about his firearms and denied that M.M. purchased firearms for him. Instead, Pierce claimed that M.M. gave them to him as a gift. SA Schieno informed Pierce that they had just spoken to M.M., who confirmed that she had purchased the firearms for Pierce and that Pierce had given her the money to do so – but

which Pierce again denied. When SA Schieno asked Pierce where the tan pistol was located, Pierce initially stated he had sold the gun but did not know to who. Pierce then stated that a friend had taken the pistol. When SA Schieno questioned Pierce's inconsistent statements, Pierce replied that he did not have the pistol and could not get it back.

13. Keatton Pierce then phoned his father and SA Schieno requested that he also speak to Pierce's father on speaker. Pierce told his father, N.P., that ATF had taken his guns and Pierce became upset. SA Schieno explained to N.P. that Pierce had acquired firearms while underage through what was considered a "straw purchase," which is a federal firearms violation. N.P. stated to SA Schieno that he would attempt to locate the pistol. Keatton Pierce then returned to work.

14. That same day, SA Schieno received the purchase history of the Defendant Property, among others, by reviewing ATF 4473 Forms and confirmed the Defendant Property had been purchased by M.M. before Keatton Pierce's eighteenth birthday in December of 2023. Specifically:

    a. <u>Defendant Rifle</u>: On May 5, 2023, M.M. purchased the Defendant Rifle from Federal Firearms Licensee S.B.R., located in Billings, Montana – namely, the Savage Arms Inc., model 64, .22 caliber rifle, with Serial No. 4268271.

      b. <u>Defendant Pistol</u>: On August 17, 2023, M.M. purchased the Defendant Pistol from Federal Firearms Licensee S.B.R., located in Billings, Montana – namely, the HS Produkt (IM Metal), XDM Elite, 9mm caliber pistol, with Serial No. BA733256.

Further, SA Schieno's examination of the Defendant Property revealed neither firearm was manufactured in the State of Montana. Therefore, both firearms had traveled in or affected interstate and/or foreign commerce.

15.    The following day, on May 23, 2024, N.P. informed SA Schieno he had located the tan pistol, which is the above-captioned Defendant Pistol. SA Schieno met Keatton Pierce and N.P. in Billings where N.P. presented the unloaded pistol in a cardboard box. SA Schieno again explained to N.P. and Keatton Pierce the federal firearms violations and asked if they had any questions. Keatton Pierce agreed to abandon his interest in the pistol by signing ATF Form 3400.1.

16.    Pursuant to 18 U.S.C. § 983(a)(1), ATF commenced administrative forfeiture proceedings against the Defendant Property. On or about December 6, 2024, ATF sent notice of the pending forfeitures to all potentially interested parties, including Keatton Pierce.

17. On January 4, 2025, Keatton Pierce submitted an administrative claim to the Defendant Property to ATF. In his claim, Pierce asserted he had legally acquired the Defendant Property in good faith.

18. The totality of the circumstances demonstrates that the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1). In May and August of 2023, Keatton Pierce provided M.M. with pictures of the firearms he wanted to purchase. Pierce gave M.M. the money to straw purchase the Defendant Property for Pierce, who had not yet reached the age of eighteen and therefore could not legally purchase firearms. The Defendant Property was therefore acquired from a licensed firearms dealer by deceptive and fictitious means, in violation of 18 U.S.C. §§ 922(a)(6) and 922(b)(1).

## V.   REQUEST FOR RELIEF

As required by Supplemental Rule G(2)(f), the facts set forth in this Verified Complaint for Forfeiture *in Rem* support a reasonable belief that the United States will be able to meet its burden of proof to a preponderance at trial. More specifically, these facts support a reasonable belief that the United States will be able to prove, at trial, that the Defendant Property is forfeitable under 18 U.S.C. § 924(d)(1) as property involved in violation of 18 U.S.C. §§ 922(a)(6) and 922(b)(1).

WHEREFORE, the United States respectfully requests:

1. Issuance of a warrant of arrest *in rem* of the Defendant Property;

2. That due notice be given to all interested parties to appear and show cause why the Defendant Property should not be forfeited;

3. The Defendant Property be forfeited to the United States for disposition according to governing law; and

4. For such and other relief as this Court may deem just and proper.

DATED this 3rd day of April, 2025.

        KURT G. ALME
        United States Attorney

        */s/ Randy J. Tanner*
        RANDY J. TANNER
        Assistant U.S. Attorney
        Attorney for Plaintiff

## VERIFICATION

I, Matthew J. Schieno, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. I furnished the investigative facts in the foregoing Verified Complaint for Forfeiture *in Rem*. The facts are true and correct, as based on personal knowledge I obtained from my involvement in the underlying investigation, my review of the relevant investigative material, and other law enforcement officers involved in the investigation, other reliable official government sources, and my own training and experience.

I hereby verify and declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem*, that I know its contents, and that the facts contained are true and correct to the best of my knowledge.

Executed this 21 day of March, 2025.

MATTHEW J. SCHIENO
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives